# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 607 | **DATE** | 1/10/2005 |
| **CASE TITLE** | Bell, et al. vs. LaSalle Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendants' motion to dismiss Count IV [#62] is granted. Count IV is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 11 2005 date docketed | 78 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 1/10/2005 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | 2005 JAN 10 PM 4:43 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARNISSA BELL, TIFFANY FIELDS-
FEAGINS, and JULIA POSLEY

    Plaintiffs,

vs.

LASALLE BANK N.A./
ABN AMRO N.A., INC.,

    Defendant.

No. 03 C 0607
Judge Joan H. Lefkow

DOCKETED
JAN 11 2005

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Arnissa Bell, Tiffany Fields-Feagins, and Julia Posely, have filed a four-count Second Amended Complaint against defendant, LaSalle Bank N.A./ABN AMRO N.A., Inc. ("LaSalle"), their former employer. Plaintiffs allege that LaSalle discriminated against them by denying them promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II). Plaintiffs also allege that LaSalle violated Title VII (Count III) and the Illinois Whistleblower Act, 740 ILCS 174/1 (Count IV), by retaliating against them for filing Charges of Discrimination with the Equal Opportunity Employment Commission. Before the court is the defendant's motion to dismiss Count IV under Federal Rule of Civil Procedure 12(b)(1). LaSalle argues that plaintiffs' claim under the Illinois Whistleblower Act is preempted by the terms of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*, and that the court thus lacks subject matter jurisdiction over the claim. For the reasons stated below, the court grants LaSalle's motion.



## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. In determining whether subject matter jurisdiction exists, the court is not required to accept plaintiffs' allegations as true. A "district court ha[s] not only the right, but the duty to look beyond the allegations of the complaint to determine that it ha[s] jurisdiction. . . ." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). However, when examining the material allegations of the complaint, the court must draw all reasonable inferences therefrom in favor of the plaintiff. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs, who are all African-American, worked for LaSalle in Chicago, Illinois as Trust Compliance Analysts I. Though their performance in these positions was satisfactory, plaintiffs were not given the same opportunity to advance as similarly situated white employees. On one occasion, a white employee was transferred into plaintiffs' department as a Trust Compliance Analyst II, also referred to as "Senior Analyst," a position with higher pay and a higher grade than the Trust Compliance Analyst I position occupied by plaintiffs, though the white employee did not meet the stated requirements for the position. On another occasion, a white employee began as a temporary worker. One month after receiving training from one of the plaintiffs, the white employee was hired as a full-time Trust Compliance Analyst I at a salary higher than that which the plaintiffs received. This employee was soon promoted to Trust Compliance Analyst II.

2

After plaintiffs complained to LaSalle about the bank's failure to promote any qualified African-American employees to the position of Trust Compliance Analyst II, in February, 2002, the plaintiffs each filed charges with the Equal Employment Opportunity Commission (EEOC), alleging racial discrimination under Title VII. During the course of the EEOC's investigation and at the EEOC's request, plaintiffs provided the EEOC with documentary evidence in support of their Charges of Discrimination. After LaSalle learned that the plaintiffs had provided this material to the EEOC they took adverse employment action against them, firing two and making the third ineligible for rehire after she resigned. In September, 2002, the EEOC found that the evidence in the agency's investigation had provided reasonable cause to believe that the defendant had discriminated against the plaintiffs. The Commission issued the plaintiffs a right to sue letter on October 31, 2002. Their federal complaint followed. The plaintiffs later amended their Complaint adding a count under the Illinois Whistleblower Act, 775 ILCS 5/1-101, *etc.*, alleging that the LaSalle had a policy preventing disclosure of bank information to regulators and that LaSalle had retaliated against them for reporting illegal behavior to appropriate regulatory agencies.

## DISCUSSION

LaSalle argues that plaintiffs' claim under the Illinois Whistleblower Act should be dismissed for lack of subject matter jurisdiction because the claim is preempted by the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq*. The IHRA provides a "comprehensive scheme of remedies and administrative procedures" to deal with allegations of human rights violations. *Mein* v. *Masonite Corp.*, 485 N.E.2d 312, 315 (1985). This "comprehensive scheme" is the "exclusive source for redress of human rights violations" under Illinois law. *Id.* The IHRA

states that "[e]xcept as otherwise provided by the law, no court shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(c). This provision divests courts, both state and federal, of jurisdiction to hear state law claims of civil rights violations unless those claims are brought under the IHRA. *See Talley v. Washington Inventory Serv.*, 37 F.3d 310, 312 (7th Cir. 1994) ("As we recently discussed, in light of the [IHRA], courts have no jurisdiction to hear independent actions for human rights violations."); *Guy v. State of Illinois*, 958 F. Supp. 1300, 1312 (N.D. Ill. 1997) (noting that "Illinois state courts (and federal courts sitting in their stead) lack jurisdiction over such claims, which proceed instead in front of the Illinois Human Rights Commission."); *see also Thomas v. L'Eggs Products, Inc.*, 13 F. Supp. 2d 806, 808 (C.D. Ill. 1998) ("[I]f an Illinois state court lacks jurisdiction to hear such a claim, so does a federal district court sitting in Illinois.").

The IHRA thus preempts any claim "inextricably linked" to an alleged violation of an employee's civil rights under the IHRA. *Brewer v. Board of Trustees of the Univ. of Illinois*, 791 N.E.2d 657, 664 (4th Dist. 2003). The issue before the court is therefore whether the plaintiffs' claim under the Illinois Whistleblower Act is "inextricably linked" to an alleged civil rights violation. The court holds that it is.

The Illinois Supreme Court has held that a claim will be preempted by the IHRA unless the plaintiff can allege the claim "without reference to legal duties created by the [IHRA]." *Maksimovic v. Tsogalis*, 687 N.E. 2d 21, 23 (1997). Here, plaintiffs allege that LaSalle violated the Illinois Whistleblower Act by "retaliat[ing] against Plaintiffs by taking adverse employment actions against [them]" because they "disclosed information to the United States Equal Employment Commission . . . that they had reasonable cause to believe showed that LaSalle bank

4

had violated federal and state employment laws." (*Id.* ¶ 56, 58.) This claim explicitly references the "legal duties created by" the IHRA. Indeed, the claim would be a nullity without such a reference; but for plaintiffs' belief that LaSalle discriminated against them, violating the "legal duties created by" the IHRA in the process, they would have no claim under the Whistleblower Act.

The IHRA specifically prohibits employers from retaliating against a person "because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination . . . or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act." 775 ILCS 5/6-101(A). Under Illinois law, this provision is the exclusive source of redress for employees who have been subjected to an adverse employment action for reporting alleged discrimination. *See Mein*, 485 N.E.2d at 315. This is exactly what plaintiffs allege in Count IV. Thus, plaintiffs' claim under the Whistleblower Act is preempted by the IHRA.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss Count IV is granted [#62]. Count IV is dismissed.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 10, 2005

5